UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIRECT WHOLESALE INC., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> STX COMMUNICATIONS, LLC, et al., : <br> : <br> Defendants. : | Honorable Kevin McNulty <br> Civil Action No. 09-2139 (KM/MCA) <br><br> **REPORT AND RECOMMENDATION** |

## BACKGROUND

On November 13, 2012, this Court granted the motion of attorney John R. Goldman, to withdraw as counsel for defendants STX Communications, LLC ("STX"), STX II, LLC ("STX II"), Diamond Prepaid Phonecard, LLC ("Diamond") as well as individual defendants Antonio Raimondo ("Raimondo") and Yaser Tawfik ("Tawfik"). The Court also scheduled a status conference for December 3, 2012. In its Order of November 13, 2012, the Court noted that defendants STX I, STX II, and Diamond as corporate entities must be represented by a member of the bar. The Court warned that if counsel did not enter an appearance on behalf of STX I, STX II, and Diamond by December 3, 2012, this Court would ask the district judge to strike these defendants' answer and enter default against them. The Court further admonished that failure to appear would result in sanctions, up to and including entry of default judgment.

No one appeared for the corporate defendants at the December 3, 2012 status conference. Therefore, on December 6, 2012, the Court entered and Order To Show Cause Why monetary

sanctions should not be imposed for failure to appear.[1]

On January 16, 2013, the Court received an undated letter from defendant Tawfik, (Docket No. 115), requesting additional time to retain counsel. At the return date of the Order To Show Cause, no new counsel appeared on behalf of the corporate defendants. Defendants Tawfik and Raimondo appeared. The Court advised that it would enter default against the corporate defendants for failure to obtain attorneys as required by law.

## **DISCUSSION**

Pursuant to settled Third Circuit law, corporations cannot represent themselves pro se. See Simbraw v. United States, 367 F.2d 373, 374 (3d Cir. 1966). Despite several admonitions and opportunities, the corporate defendants, STX I, STX II, and Diamond have not retained new counsel. Indeed, defendant Tawfik so acknowledges in his January 2013 letter to the Court. In short, given these corporate defendants' failure to secure new counsel for nearly three months, I recommend that the District Court strike the Answer with affirmative defenses only as to corporate defendants STX I, STX II, and Diamond (Dkt. Entry 3), enter default against them, and allow plaintiff to proceed to judgment by default as to defendants STX I, STX II, and Diamond.

The parties have fourteen (14) days from the date hereof to file and serve objections.

Respectfully submitted,

*s/Madeline Cox Arleo*
MADELINE COX ARLEO
United States Magistrate Judge

Dated: February 7, 2013

---

[1] The Order To Show Cause, originally returnable on February 28, 2013, was rescheduled for January 24, 2013.

2

Orig:   Clerk of Court
       Hon. Kevin McNulty, U.S.D.J.
       All Parties
       File